1   MESERVY LAW, P.C.
    LONDON D. MESERVY (SBN: 216654)
2   london@meservylawpc.com
    401 West A Street, Suite 1712
3   San Diego, CA 92101
    Telephone:  858.779.1276
4   Facsimile:   866.231.8132

5   DENTE LAW, P.C.
    MATTHEW S. DENTE (SBN: 241547)
6   matt@dentelaw.com
    600 B Street, Suite 1900
7   San Diego, CA 92101
    Telephone: 619.550.3475
8   Facsimile:  619.342.9668

9   Attorneys for Plaintiffs Jennifer M. Sansone and
10   Baldemar Orduno, Jr. and for Members of the Classes

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER M. SANSONE, and BALDEMAR ORDUNO, JR., Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., AND DOES 1-25, INCLUSIVE,<br><br>Defendants. | Case No.:     3:17-cv-01880-WQH (JLB)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) VIOLATION OF LABOR CODE §227.3 (FAILURE TO PAY AT TERMINATION);**<br><br>**(2) VIOLATION OF LABOR CODE §227.3 (VALUATION);**<br><br>**(3) FAILURE TO TIMELY PAY WAGES DUE;**<br><br>**(4) BREACH OF CONTRACT (BASE COMPENSATION);**<br><br>**(5) BREACH OF CONTRACT (COMMISIONS); AND**<br><br>**(6) UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

CASE NO.: 3:17-cv-01880-WQH (JLB)           FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Jennifer M. Sansone ("Plaintiff Sansone") and Baldemar Orduno, Jr. ("Plaintiff Orduno") (Plaintiff Sansone and Plaintiff Orduno are collectively referred to as "Plaintiffs"), individually and on behalf of others similarly situated, and assert claims against defendants TWC Administration LLC ("TWC"), Charter Communications, LLC ("Charter LLC"), and Charter Communications, Inc. ("Charter Inc.") (Charter LLC and Charter Inc. are collectively referred to as "Charter") (each a "Defendant" and collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This action was originally filed in the Superior Court of the State of California, County of San Diego, Case No. 37-2017-00029558-CU-OE-CTL.

2.      On or about September 14, 2017, Charter Inc. removed this action under the Class Action Fairness Act, 28 U.S.C. § 1332(f). This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) because the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and because this is a class action by an individual and putative class of plaintiffs who are citizens of a different state from Defendants.

## PARTIES

3.      Plaintiff Sansone is, and at all times mentioned in this complaint was, a resident of San Diego County, California and was an employee of TWC from on or about May 19, 2010 to on or about May 18, 2016 and an employee of Charter from on or about May 18, 2016 through the present.

4.      Plaintiff Orduno is, and at all times mentioned in this complaint was, a resident of Riverside County, California and was an employee of TWC from on or about April 14, 2011 to on or about May 18, 2016 and an employee of Charter from on or about May 18, 2016 through the present.

5.      Plaintiffs are informed and believe, and thereon allege, that at all relevant times mentioned herein TWC Administration LLC was licensed and qualified to do business in California. On information and belief, Plaintiffs allege that at all relevant

- 1 -

1 times referenced herein TWC Administration LLC did and continues to transact business
2 throughout California.

3      6.    Whenever in this complaint reference is made to any act, deed, or conduct
4 of TWC Administration, LLC, the allegation means that TWC Administration, LLC
5 engaged in the act, deed, or conduct by or through one or more of its manager, members,
6 officers, directors, agents, employees, or representatives, who was actively engaged in
7 the management, direction, control, or transaction of the ordinary business and affairs of
8 TWC Administration, LLC.

9      7.    Plaintiffs are informed and believe, and thereon allege, that at all relevant
10 times mentioned herein Charter Communications, LLC was formed in Delaware on
11 November 22, 1993 and became licensed and qualified to do business in California on
12 December 8, 2004. On information and belief, Plaintiffs allege that at all relevant times
13 referenced herein Charter Communications, LLC did and continues to transact business
14 throughout California.

15      8.    Whenever in this complaint reference is made to any act, deed, or conduct
16 of Charter Communications, LLC, the allegation means that Charter Communications,
17 LLC engaged in the act, deed, or conduct by or through one or more of its manager,
18 members, officers, directors, agents, employees, or representatives, who was actively
19 engaged in the management, direction, control, or transaction of the ordinary business
20 and affairs of Charter Communications, LLC.

21      9.    Plaintiffs are informed and believe, and thereon allege, that at all relevant
22 times mentioned herein Charter Communications, Inc. was licensed and qualified to do
23 business in California. On information and belief, Plaintiffs allege that at all relevant
24 times referenced herein Charter Communications, Inc. did and continues to transact
25 business throughout California.

26      10.    Whenever in this complaint reference is made to any act, deed, or conduct
27 of Charter Communications, Inc., the allegation means that Charter Communications,
28 Inc. engaged in the act, deed, or conduct by or through one or more of its manager,

CASE NO.: 3:17-cv-01880-WQH (JLB)          FIRST AMENDED COMPLAINT

members, officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Charter Communications, Inc.

11.    Plaintiffs are further informed and believe, and thereon allege, that at all times herein material, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other. Whenever and wherever reference is made in this complaint to any conduct by a Defendant, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

12.    Plaintiffs are informed and believe, and thereon allege, that Charter and the "Successors In Interest" to TWC and assumed any of TWC's liability that may exist for Plaintiffs' and the Classes' claims herein.

## CLASS ACTION ALLEGATIONS

13.    Plaintiffs bring this action on behalf of themselves and as representatives of classes as defined by Rule 23 of the Federal Rules of Civil Procedure.

14.    All claims alleged herein arise under California law for which Plaintiffs seek relief as authorized by California law.

15.    The proposed Vacation Pay Class is comprised of and defined as:

Any and all persons who were employed by TWC Administration LLC in the state of California whose employment with TWC Administration LLC was transitioned to Charter Communications, LLC without being paid out the vacation wages they had accrued at TWC Administration LLC (collectively referred to as the "Vacation Pay Class" or "Vacation Pay Class Members").

CASE NO.: 3:17-cv-01880-WQH (JLB)                    FIRST AMENDED COMPLAINT

16.    The proposed TWC Legacy Employee Breach of Contract Class is comprised of and defined as:

> Any and all persons who were employed by TWC Administration LLC in the state of California on the date Time Warner Cable, Inc. was acquired by Charter Communications, Inc. and whose employment was transitioned to Charter Communications, LLC and had their base salary reduced on or before the one year anniversary date of Charter Communications, Inc.'s acquisition of Time Warner Cable, Inc. (collectively referred to as the "TWC Legacy Employee Breach of Contract Class" or "TWC Legacy Employee Breach of Contract Class Members").

17.    The proposed Commission Breach of Contract Class is comprised of and defined as:

> Any and all persons who were employed by Charter Communications, LLC in the state of California and were subject to the Charter Communications Spectrum Enterprise Sales Commission Plan for Strategic Sales Account Executives and Account Managers and/or the Charter Communications Spectrum Enterprise Sales Commission Plan for Mid-Market and Strategic Sales Managers and Directors at any time from December 19, 2016 through the present and had their commission wages for Complex Coax product sales reduced (collectively referred to as the "Commission Breach of Contract Class" or "Commission Breach of Contract Class Members").

> The Vacation Pay Class, TWC Legacy Employee Breach of Contract Class, and Commission Breach of Contract Class are collectively referred to as the "Classes."

18.    There is a well-defined community of interest in this litigation and the members of the Classes are easily ascertainable as set forth below:

a.    <u>Numerosity</u>: The members of the Classes are so numerous that joinder of all members of the Classes would be unfeasible and impractical. The membership of the Classes are unknown to Plaintiffs at this time, however, the membership of the Classes are each estimated to be greater than one thousand (1,000) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

- 4 -

b.      <u>Typicality</u>: Plaintiffs are qualified to, and will fairly and adequately protect the interests of each member of the Classes with whom they have a well-defined community of interest. Plaintiffs' claims herein alleged are typical of those claims which could be alleged by any member of the Classes, and the relief sought is typical of the relief which would be sought by each member of the Classes in separate actions. All members of the Vacation Pay Class have been similarly harmed by willfully being denied the payout of their accrued vacation wages upon termination of their employment with TWC. All members of the TWC Legacy Employee Breach of Contract Class have been similarly harmed by the willful reduction of their base pay by Charter within the 12 months following Charter Inc.'s acquisition of Time Warner Cable, Inc. ("Time Warner"). All members of the Commission Breach of Contract Class have been similarly harmed by the willful reduction of their commission wages after their commission wages had already been earned. Further, Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Classes.

c.      <u>Adequacy</u>:  Plaintiffs are qualified to, and will fairly and adequately protect the interests of each member of the Classes with whom they have a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiffs acknowledge that they have an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Classes. Plaintiffs' attorneys and the proposed counsel for the Classes are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters. Other former and current employees of Defendants may also serve as representatives of the Classes if needed.

d.      <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Classes,

- 5 -

establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Classes and the disposition of their interests through actions to which they were not parties.

e.    Public Policy Considerations: Employers in the state of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

f.    Commonality: There are common questions of law and fact as to the Classes that predominate over questions affecting only individual members including, but not limited to:

1.    Whether Defendants failed to pay accrued and unused vacation wages to Plaintiffs and Vacation Pay Class Members in accordance with the timing requirements of Labor Code §201;

2.    Whether Defendants failed to pay Plaintiffs and Vacation Pay Class Members all vacation wages earned and unused at the time of their discharge from TWC;

3.    Whether Defendants' conduct was willful;

4.    Whether Defendants breached their contract with Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members to not reduce base salaries within the 12 month period following the Charter Inc.'s acquisition of Time Warner;

5.    Whether Defendants breached their contract with Plaintiffs and Commission Breach of Contract Class Members by reducing their commission wages and related bonuses for sales of Complex Coax products in violation of the terms of the Charter Communications Spectrum Enterprise Sales Commission Plan for Strategic

Sales Account Executives and Account Managers and/or the Charter Communications Spectrum Enterprise Sales Commission Plan for Mid-Market and Strategic Sales Managers and Directors;

6.     Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§17200, *et seq.*

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

19.    Plaintiffs repeat and incorporate herein by reference and reallege each and every allegation contained above, as though fully set forth herein.

20.    Prior to Charter Inc.'s acquisition of Time Warner, TWC was a wholly owned subsidiary of Time Warner.

21.    TWC employed Plaintiffs and Vacation Pay Class Members throughout California.

22.    On or about May 18, 2016, Charter Inc. acquired Time Warner and all of Time Warner's subsidiaries including, but not limited to, TWC.

23.    Charter LLC is a wholly owned subsidiary of Charter Inc.

24.    Plaintiffs' and Vacation Pay Class Members' employment with TWC was terminated on or about the date Charter Inc. acquired Time Warner.

25.    At the time Plaintiffs' and Vacation Pay Class Members' employment with TWC was terminated, they had accrued, but unused vacation pay with TWC. Plaintiffs and Vacation Pay Class Members were not paid for their accrued but unused vacation wages when their employment with TWC was terminated in violation of California law. *See, e.g.*, Division of Labor Standards Enforcement Policies and Interpretations Manual § 15.1.11.

26.    TWC and Charter appear to have "carried over" Plaintiffs' and Vacation Pay Class Members' vacation accrual from TWC to Charter LLC in an attempt to avoid paying Plaintiffs and Vacation Pay Class Members for their accrued vacation pay at the time of their termination from TWC. Defendants failed to: (1) obtain Plaintiffs' and Vacation Pay Class Members' express written consent to "carry over" their accrued

vacation wages; and (2) give Plaintiffs and Vacation Pay Class Members the option of being paid out for their accrued vacation wages at the time of their termination from TWC, all in violation of California law.

27.   This unlawful "transfer" of Plaintiffs' and Vacation Pay Class Members' accrued vacation wages to Charter LLC also damaged Plaintiffs and Vacation Pay Class Members, and unfairly benefited Charter, by limiting Plaintiffs' and Vacation Pay Class Members' ability to accrue vacation wages from Charter LLC because they began their employment at Charter LLC with a vacation accrual balance putting them closer to or at any applicable vacation accrual caps. Further, Charter LLC's policies for calculating vacation pay results in Plaintiffs and Vacation Pay Class Members being paid less by Charter LLC when they use the vacation time accrued at TWC. At TWC, Plaintiffs and Vacation Pay Class Members were paid vacation hours based on both their base wages and incentive pay. Charter LLC's policy for Plaintiffs and Vacation Pay Class Members reduced the value of vacation pay earned at and illegally "transferred" from TWC by paying vacation wages solely at the base pay rate. Further, many Vacation Pay Class Members (including Plaintiff Orduno) had their base wages reduced, which further reduces the value they receive for the vacation pay they accrued at TWC and which should have been paid at the termination of their employment from TWC.

28.   On May 26, 2015, subsequent to the announcement of Charter Inc.'s acquisition of Time Warner, Peter Stern, Time Warner's Executive Vice President, Chief Product, People & Strategy Officer sent an email to TWC's Employees Below Directors Job Level (which included Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members) encouraging them to (i) stay focused while the transaction was finalized and (ii) work at Charter after the transaction closed. This communication indicated that Time Warner and Charter Inc. had "taken some additional steps … to ensure [TWC's] employees' feel confident and trust that we are looking out for your future."

29.   Mr. Stern's May 26, 2015, email made specific, material promises intended

to induce Plaintiffs and TWC Legacy Employee Breach of Contract Class Members to continue working for TWC during the finalization of Time Warner's acquisition by Charter Inc., and to work for Charter subsequent to the acquisition. These promises specifically included a promise that TWC employees would not have their base salary compensation reduced in the twelve (12) month period following the acquisition. Specifically, Mr. Stern's May 26, 2015, email stated: "**Your Compensation is and will be protected.** In the merger agreement, Charter has committed that for legacy TWC employees who continue in employment following the close, for 12 months, it will (i) not negatively impact current base salaries and (ii) maintain other TWC short-term incentives or move them to the same program as similarly situated Charter employees."

30. Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members relied on Time Warner's, TWC's, and Charter Inc.'s express promise of base salary protection in continuing their employment with TWC during the time period in which the acquisition was being finalized and in accepting and continuing employment with Charter LLC subsequent to the acquisition.

31. Charter Inc.'s acquisition of Time Warner was completed on or about May 18, 2016.

32. In January of 2017, seven months after the acquisition, Charter LLC unilaterally reduced Plaintiff Orduno's and TWC Legacy Employee Breach of Contract Class Members' base compensation in violation of the express promise not to do so within the twelve (12) month period following the close of the acquisition. Specifically, in January 2017, Plaintiff Orduno's base salary was reduced from $72,621 per year to $66,771. Similar reductions were made to TWC Legacy Employee Breach of Contract Class Members' base compensation.

33. After Charter LLC's decision to reduce base compensation was announced, Plaintiffs and TWC Legacy Employee Breach of Contract Class Members complained that Charter LLC was breaching its contract with them. On February 15, 2017, Charter LLC responded to these complaints in an email communication that amounted to an

admission of its contractual obligation, its breach of the same, and its refusal to remedy the breach. Specifically, Charter LLC's Senior Manager, Human Resources Carol Flores, responded by email as follows:

> "First thank you for your inquiry and patience while I researched your question. In December, as you know, we made changes to variable compensation targets to support the Spectrum Enterprise strategy around a pivot to fiber based selling – an exciting, growth-oriented prospect for everyone. At this time we spoke with employees about how this was part of a larger pay remix exercise. As we considered various approaches to balancing out the increase in variable compensation, the leadership team felt strongly that total target pay should be either the same or INCREASE year on year. In the cases like yours where variable compensation targets went up, base salary was reduced by a fraction of that amount and never more than 10% --resulting in a higher total compensation target overall. To address your question about the pre-merger memo that went out last year from Peter Stern. [sic] I can tell you that it is Charter's responsibility to closely consider, and within its discretion to decide, the better way to move Spectrum Enterprise forward. Here, we decided that the organization, including our employees, will benefit from the announced changes and we believe that the increase in total compensation (base + target incentive) is a very positive outcome for employees. The process of bringing three companies together isn't easy, but we are excited about what's in store for our business success in 2017, and hope you are as well. Should you have questions regarding the above please feel free to reach out to me."

34.    Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members were paid base compensation lower than the amount guaranteed by Time Warner, TWC and Charter Inc. from January 2017 through May 2017. Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members suffered monetary damages as a direct consequence of Defendants' breach of contract, in an amount to be proven at trial.

35.    Effective December 2016, Plaintiffs' and Commission Breach of Contract Class Members' commissions were to be earned and paid under the terms of the Charter Communications Spectrum Enterprise Sales Commission Plan for Strategic Sales Account Executives and Account Managers and/or the Charter Communications

Spectrum Enterprise Sales Commission Plan for Mid-Market and Strategic Sales Managers and Directors (the "Commission Plans").

36.    The Commission Plans also included the terms for the calculation of Plaintiffs' and Commission Breach of Contract Class Members' sales to be used in determining their sales-related bonuses.

37.    The Commission Plans included the terms for earning commissions and determining sales for Complex Coax products as that phrase is defined in the Commission Plans.

38.    Charter LLC unilaterally and retroactively reduced the commissions to be paid, and credit to be applied to sales for use in determining sales-related bonuses, for Complex Coax products in violation of the terms of the Commission Plans.

39.    Plaintiffs and Commission Breach of Contract Class Members suffered monetary damages, in the form of commissions and sales-related bonuses, as a direct consequence of Defendants' breach of the Commission Plans, in an amount to be proven at trial.

40.    Plaintiffs are informed and believe, and thereon allege, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

## FIRST CLAIM FOR RELIEF FOR VIOLATION OF LABOR CODE §227.3
### (FAILURE TO PAY AT TERMINATION)
**(By Plaintiffs and Vacation Pay Class Members Against TWC and Charter Inc.)**

41.    Plaintiffs repeat and incorporate herein by reference and reallege each and every allegation contained above, as though fully set forth herein.

42.    Labor Code § 227.3 states that "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken of his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served... ."

43.    Plaintiffs' and Vacation Pay Class Members' employment with TWC was terminated and their employment was transferred to Charter LLC as a part of Charter Inc.'s acquisition of Time Warner.

44.    TWC failed to pay Plaintiffs and Vacation Pay Class Members their vested vacation pay at the time of their termination from TWC in violation of Labor Code § 227.3.

45.    Charter Inc. is the "Successor In Interest" to TWC and assumed any of TWC's liability that exist for Plaintiffs' and the Vacation Pay Class' claims herein.

46.    As a proximate result of Defendants' violations of Labor Code § 227.3, Plaintiffs and Vacation Pay Class Members have been damaged in an amount according to proof.

47.    Plaintiffs and Vacation Pay Class Members are entitled to recover the full amount of their vested and unused vacation pay at the time their employment with TWC was terminated, plus interest, attorneys' fees, and costs, including under Labor Code § 218.5.

## SECOND CLAIM FOR RELIEF FOR VIOLATION OF LABOR CODE §227.3 (VALUATION)
### (By Plaintiffs and Vacation Pay Class Members Against Charter LLC)

48.    Plaintiffs repeat and incorporate herein by reference and reallege each and every allegation contained above, as though fully set forth herein.

49.    Plaintiffs and Vacation Pay Class Members accrued vacation pay during their employment at TWC.

50.    Plaintiffs' and Vacation Pay Class Members' employment with TWC was terminated and their employment was transferred to Charter LLC as a part of Charter Inc.'s acquisition of Time Warner.

51.    Defendants unlawfully "carried over" Plaintiffs' and Vacation Pay Class Members' vacation accrual from TWC to Charter LLC in an attempt to avoid paying Plaintiffs and Vacation Pay Class Members for their accrued vacation pay at the time of

1   their termination from TWC.

2       52.    The vacation pay Plaintiffs and Vacation Pay Class Members accrued at
3   TWC was earned and paid based upon both their base wage and incentive pay.

4       53.    Charter LLC pays Plaintiffs' and Vacation Pay Class Members' their
5   vacation pay solely at their current base pay rate. Further, many Vacation Pay Class
6   Members (including Plaintiff Orduno) had their base wages reduced.

7       54.    Charter LLC's policy of calculating and paying Plaintiffs and Vacation Pay
8   Class Members their vacation pay they earned at TWC solely based upon their current
9   base pay rate at Charter LLC reduces the value of Plaintiffs' and Vacation Pay Class
10  Members' earned and accrued vacation wages in violation of Labor Code § 227.3.

11      55.    As a result of Defendants' violations of Labor Code § 227.3 by devaluing
12  their accrued vacation pay from their employment with TWC, Plaintiffs and Vacation
13  Pay Class Members are entitled to damages in an amount according to proof, plus
14  interest, attorneys' fees, and costs, including under Labor Code § 218.5.

15  **THIRD CLAIM FOR RELIEF FOR FAILURE TO TIMELY PAY WAGES DUE**
16  **(By Plaintiffs and Vacation Pay Class Members Against TWC and Charter Inc.)**

17      56.    Plaintiffs repeat and incorporate herein by reference and reallege each and
18  every allegation contained above, as though fully set forth herein.

19      57.    Labor Code §201 requires an employer who discharges an employee to pay
20  compensation due and owing to said employee immediately upon discharge. Labor Code
21  §203 provides that if an employer willfully fails to pay compensation promptly upon
22  discharge, as required by Labor Code §201, the employer is liable for waiting time
23  penalties in the form of continued compensation for up to thirty (30) workdays.

24      58.    TWC willfully and illegally failed to pay Plaintiffs and Vacation Pay Class
25  Members their accrued vacation wages at the time of their termination from TWC, and
26  continue to willfully fail and refuse, to pay Plaintiffs and Vacation Pay Class Members
27  their accrued vacation wages.

28      59.    TWC's willful failure to pay Plaintiffs and Vacation Pay Class Members

- 13 -

their accrued vacation wages earned and unpaid at the time of discharge violates Labor Code § 201.

60.    Charter Inc. is the "Successor In Interest" to TWC and assumed any liability of TWC's that may exist for Plaintiffs' and the Vacation Pay Class' claims herein.

61.    As a result, TWC and Charter Inc. are liable to Plaintiffs and Vacation Pay Class Members for waiting time penalties under Labor Code §203, in an amount according to proof at the time of trial.

## FOURTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT
### (BASE COMPENSATION)
**(By Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Against All Defendants)**

62.    Plaintiff Orduno repeats and incorporates herein by reference and realleges each and every allegation contained above, as though fully set forth herein.

63.    TWC, Time Warner, and Charter Inc. entered into a contract with Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members promising that, in exchange for their continued service to TWC prior to the close of the acquisition and their service to Charter LLC after the acquisition, their base compensation would not be reduced for a twelve (12) month period following the acquisition.

64.    Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members relied on TWC's, Time Warner's, and Charter's express promise of base salary protection in continuing their employment with TWC during the time period in which the acquisition was being finalized and in accepting employment with Charter LLC subsequent to the acquisition.

65.    In January of 2017, seven months after the acquisition, Charter breached its contract with Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members by reducing their base compensation prior to the expiration of the twelve (12) month period following the close of the acquisition.

66.    Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class

- 14 -

Members were paid base compensation lower than the amount guaranteed by TWC, Time Warner, and Charter Inc. for the period from January 2017 through May 2017. Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members suffered monetary damages as a direct consequence of Defendants' breach of contract, in an amount to be proven at trial.

67.    Charter are the "Successors In Interest" to TWC and assumed any of TWC's liability for Plaintiff Orduno's and TWC Legacy Employee Breach of Contract Class Members' claims herein.

68.    As a result of Defendants breach of their contract with Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members, they are liable to Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members in an amount according to proof at the time of trial.

69.    Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members seek recovery of their monetary damages, statutory interest, and attorneys' fees and costs pursuant to California Labor Code Section 218.5, all in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT
### (COMMISSIONS)
**(By Plaintiffs and Commission Breach of Contract Class Against Charter LLC)**

70.    Plaintiffs repeat and incorporate herein by reference and reallege each and every allegation contained above, as though fully set forth herein.

71.    In December 2016, Charter LLC entered into a contract, the Commission Plans, with Plaintiffs and Commission Breach of Contract Class Members.

72.    Plaintiffs' and Commission Breach of Contract Class Members' commissions were to be earned and paid under the terms of the Commission Plans.

73.    Plaintiffs' and Commission Breach of Contract Class Members' sales to be used in determining their sales-related bonuses were also to be determined under the terms of the Commission Plans.

74.     Plaintiffs and Commission Breach of Contact Class Members performed, and continue to perform, work to Charter LLC's benefit in reliance of the terms of the Commission Plans.

75.     Charter LLC unilaterally reduced the commissions to be paid, and credit to be applied to sales for use in determining sales-related bonuses, for Complex Coax products in violation of the terms of the Commission Plans.

76.     Plaintiffs and Commission Breach of Contract Class Members suffered monetary damages, in the form of commissions and sales-related bonuses, as a direct consequence of Charter LLC's breach of the Commission Plans, in an amount to be proven at trial.

77.     As a result of Charter LLC's breach of the Commission Plans with Plaintiffs and Commission Breach of Contract Class Members, they are liable to Plaintiffs and Commission Breach of Contract Class Members in an amount according to proof at the time of trial.

78.     Plaintiffs and Commission Breach of Contract Class Members seek recovery of their monetary damages, statutory interest, and attorneys' fees and costs pursuant to California Labor Code Section 218.5, all in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF FOR UNFAIR COMPETITION
**(By Plaintiffs and Members of the Classes Against All Defendants)**

79.     Plaintiffs repeat and incorporate herein by reference and reallege each and every allegation contained above, as though fully set forth herein.

80.     Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs and members of the Classes, Defendants' competitors, and the general public. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

81.     Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of

- 16 -

1 | California Business and Professions Code §§17200, et seq.

2 | 82.    A violation of California Business and Professions Code §§17200, et seq.,

3 | may be predicated on the violation of any state or federal law. In the instant case, TWC's

4 | failure to pay Plaintiffs and Vacation Pay Class Members their accrued but unused

5 | vacation wages at the time their employment with TWC was terminated violates Labor

6 | Code § 227.3. Defendants' failure to pay Plaintiff Orduno and TWC Legacy Employee

7 | Breach of Contract Class Members their contractually owed wages violates the Labor

8 | Code. Charter LLC's reduction of Plaintiff Orduno's and Commission Breach of

9 | Contract Class Members' commission wages after those commission wages were earned

10 | also violates the Labor Code.

11 | 83.    Plaintiffs and Members of the Classes have been personally aggrieved by

12 | Defendants' unlawful and unfair business acts and practices alleged herein by the loss of

13 | money and/or property.

14 | 84.    Charter are the "Successors In Interest" to TWC and assumed any liability

15 | of TWC's that may exist for Plaintiffs' and the Classes' claims herein.

16 | 85.    Under California Business and Professions Code §17200, et seq., Plaintiffs

17 | and Members of the Classes are entitled to restitution of the wages withheld, unlawfully

18 | reduced, and/or retained by Defendants during a period that commences four years prior

19 | to the filing of the complaint in this action; an award of attorneys' fees under California

20 | Code of Civil Procedure §1021.5, and an award of costs.

21 | ## PRAYER FOR RELIEF

22 | WHEREFORE, Plaintiffs pray judgment against Defendants, as follows:

23 | Class Certification

24 | 1.    That this action be certified as a class action;

25 | 2.    That Plaintiffs be appointed as the representatives of the Vacation Pay Class

26 | and the Commission Breach of Contract Class;

27 | 3.    That Plaintiff Orduno be appointed as the representative of the TWC

28 | Legacy Employee Breach of Contract Class; and

CASE NO.: 3:17-cv-01880-WQH (JLB)                FIRST AMENDED COMPLAINT

1      4.      That counsel for Plaintiffs be appointed as counsel for the Classes.

2                          On the First Claim for Relief

3      1.      For compensatory damages in an amount equal to the amount of unpaid

4   accrued but unused vacation pay owed to Plaintiffs and Vacation Pay Class Members

5   according to proof;

6      2.      For statutory interest according to proof;

7      3.      For reasonable attorneys' fees and costs under California Labor Code

8   § 218.5; and

9      4.      For such other and further relief as the Court deems proper.

10                         On the Second Claim for Relief

11      1.      For compensatory damages in an amount according to proof equal to the

12   difference between the value of Plaintiffs' and Vacation Pay Class Members' vacation

13   pay at the time of their termination from TWC and the amount Charter LLC actually

14   paid Plaintiffs and Vacation Pay Class Members for any vacation pay Plaintiffs and

15   Vacation Pay Class Members received from Charter LLC for vacation pay they earned at

16   TWC;

17      2.      For statutory interest according to proof;

18      3.      For reasonable attorneys' fees and costs under California Labor Code

19   § 218.5; and

20      4.      For such other and further relief as the Court deems proper.

21                         On the Third Claim for Relief

22      1.      For statutory penalties pursuant to Labor Code §203; and

23      2.      For such other and further relief as the Court deems proper.

24                         On the Fourth Claim for Relief

25      1.      For compensatory damages in an amount equal to the wrongfully reduced

26   base wages of Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class

27   Members according to proof;

28      2.      For statutory interest according to proof;

CASE NO.: 3:17-cv-01880-WQH (JLB)                    FIRST AMENDED COMPLAINT

3.    For reasonable attorneys' fees and costs under California Labor Code § 218.5; and

4.    For such other and further relief as the Court deems proper.

On the Fifth Claim for Relief

1.    For compensatory damages in an amount equal to the wrongfully withheld commission wages of Plaintiffs and Commission Breach of Contract Class Members according to proof;

2.    For statutory interest according to proof;

3.    For reasonable attorneys' fees and costs under California Labor Code § 218.5; and

4.    For such other and further relief as the Court deems proper.

On The Sixth Claim for Relief

1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiffs and Vacation Pay Class Members for accrued but unused vacation pay owed to Plaintiff and Vacation Pay Class Members in an amount according to proof;

2.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff Orduno and TWC Legacy Employee Breach of Contract Class Members for their wrongfully reduced base wages in an amount according to proof;

3.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiffs and Commission Breach of Contract Class Members for their earned commission wages wrongfully reduced in an amount according to proof;

4.    For reasonable attorneys' fees that Plaintiff and members of the Classes are entitled to recover under the Labor Code and California Code of Civil Procedure §1021.5;

5.    For costs of suit incurred herein that Plaintiff and members of the Classes are entitled to recover under the Labor Code; and

- 19 -

6.    For such other and further relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs and members of the Classes request a jury trial in this matter.

Dated:        November 30, 2017        MESERVY LAW, P.C.
DENTE LAW, P.C.

By: /s/ London D. Meservy
LONDON D. MESERVY (SB# 216654)

Attorneys for Plaintiffs Jennifer M. Sansone and Baldemar Orduno, Jr. and for Members of the Classes

CASE NO.: 3:17-cv-01880-WQH (JLB)        FIRST AMENDED COMPLAINT

1    **CERTIFICATE OF SERVICE**

2        I, London D. Meservy, hereby certify and declare:

3        On December 6, 2017, I caused a true and correct copy of Plaintiffs' First

4    Amended Complaint to be electronically filed with the Clerk of the Court using the

5    CM/ECF system, which will send notification of such filing to the e-mail addresses

6    denoted on the Electronic Mail Notice List.

7        I am a member of the Bar of the United States District Court for the Southern

8    District of California.

9        I declare under penalty of perjury under the laws of the State of California and the

10   United States of America that the foregoing is true and correct. Executed this 5th day of

11   December, 2017, at San Diego, California.

12

13                                By: /s/ London D. Meservy

14                                LONDON D. MESERVY

15                                Attorneys for Plaintiffs Jennifer M. Sansone and
                                  Baldemar Orduno, Jr. and for Members of the
16                                Classes

17

18

19

20

21

22

23

24

25

26

27

28