UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER M. SANSONE, and BALDEMAR ORDUNO, Jr., Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.; TWC ADMINISTRATION LLC; CHARTER COMMUNICATIONS, LLC; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 17-cv-1880-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Entry of Judgment (ECF No. 143) filed by Plaintiffs Jennifer Sansone and Baldemar Orduno, Jr.

**I.   BACKGROUND**

On December 6, 2017, Plaintiffs Jennifer M. Sansone and Baldemar Orduno, Jr., filed the First Amended Class Action Complaint against Defendants Charter Communications, Inc., TWC Administration LLC, and Charter Communications, LLC. (ECF No. 19). Plaintiffs brought the following six causes of action against Defendants: (1) violation of California Labor Code Section 227.3 for failure to pay vested vacation wages

at the time of termination; (2) violation of California Labor Code Section 227.3 for reduction in the valuation of the vested vacation wages; (3) willful failure to timely pay wages at termination in violation of California Labor Code Sections 201 and 203; (4) breach of contract regarding base compensation; (5) breach of contract regarding commissions; and (6) unfair competition.

On May 31, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 71). On September 18, 2019, the Court issued an Order granting summary judgment to Defendants on all claims. (ECF No. 87).

On October 1, 2019, Plaintiffs filed a Notice of Appeal as to the Court's Order granting summary judgment. (ECF No. 93). On October 19, 2020, the Court of Appeals issued a Memorandum Opinion reversing the Court's grant of summary judgment to Defendants on Plaintiffs' Section 227.3 claims, on the basis that "Plaintiffs were terminated within the meaning of [Section] 227.3." (ECF No. 102 at 3). The Court of Appeals further held that "[b]ecause we reverse the district court's grant of summary judgment on Plaintiffs' § 227.3 claims, we also reverse summary judgment on the derivative claims for waiting time penalties and unfair competition." (*Id.* at 5).

On January 3, 2022, Defendants filed a Partial Motion for Summary Judgment on the claim for waiting time penalties under Section 203 on the alternative basis—not addressed by the Court of Appeals in its Memorandum Opinion—that Defendants' failure to pay vacation wages when Plaintiffs were terminated was not willful. (ECF No. 135). On May 10, 2022, the Court issued an Order granting the Partial Motion for Summary Judgment. (ECF No. 142).

On May 27, 2022, Plaintiffs filed the Motion for Entry of Judgment (ECF No. 143). Plaintiffs request that the Court direct entry of final judgment as to the Section 203 waiting time penalties claim pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. On June 21, 2022, Defendants filed a Response. (ECF No. 144 at 3). On June 24, 2022, Plaintiffs filed a Notice of Non-Opposition. (ECF No. 145).

///

## II. CONTENTIONS

Plaintiffs contend that "all factors supporting entry of Rule 54(b) judgment" as to the waiting time penalties claim "are satisfied." (ECF No. 143-1 at 2). Plaintiffs contend that "Defendants would not be prejudiced, and have not raised any reasoned objection" to the Court granting entry of final judgment. (*Id.*). Plaintiffs contend that there is "no just reason to delay entering final judgment as to [the waiting time penalties claim] to allow for an immediate appeal." (*Id.*). Plaintiffs contend that "it is appropriate to stay class certification and other proceedings on Plaintiffs' remaining claims pending the outcome of their appeal to conserve the Court's and all parties' resources." (*Id.*).

Defendants "do not oppose" Plaintiffs' motion. (ECF No. 144 at 3). Defendants contend that Plaintiffs' motion nevertheless "misstates" various aspects of the record, including the holding and effect of the Memorandum Opinion of the Court of Appeals, the Order of this Court granting the Motion for Partial Summary Judgment, the content of prior discussion between the parties' counsel, and the possibility of mootness should Plaintiffs' motion be granted. (*Id.* at 3-5).

## III. DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure states:

> When an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more, but fewer than all, claims … if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action ….

Fed. R. Civ. P. 54(b). To direct entry of a final judgment, "[a] district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). "Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Id.* at 8. This is a determination that is "left to the sound discretion of the district court." *Id.* "Thus, in deciding whether there

are no just reasons to delay the appeal of individual final judgments … a district court must take into account judicial administrative interests as well as the equities involved." *Id.*

Plaintiffs request entry of final judgment as to the claim for waiting time penalties under Section 203. The Court previously granted summary judgment in favor of Defendants on the waiting time penalties claim. (*See* ECF No. 142). The waiting time penalties claim was cognizable, and the Court's decision constituted an ultimate disposition of that claim. The Court finds that the decision on the Section 203 waiting time penalties claim is a final judgment. *See Curtiss-Wright Corp.*, 446 U.S. at 7 (stating that a final judgment "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." (quotation omitted)); *Bullard v. Blue Hills Bank*, 575 U.S. 496, 506 (2015) ("An order granting a motion for summary judgment is final ….").

The Court determined that Defendants were entitled to summary judgment on the Section 203 waiting time penalties claim because Defendants' failure to pay vacation wages at termination was not willful. As the Court of Appeals recognized, the Section 203 waiting time penalties claim is "derivative" of Plaintiffs' Section 227.3 claims. (ECF No. 102 at 5). While the Court of Appeals determined that "Plaintiffs were terminated within the meaning of [Section] 227.3," (ECF No. 102 at 3), Defendants assert that they have other defenses to the Section 227.3 claims. Plaintiffs have not sought or obtained judgment in their favor on the Section 227.3 claims. Any interlocutory adjudication concerning the Section 203 "willfulness" requirement would be rendered moot in the event that Defendants prevail on the Section 227.3 claims. *See Curtiss-Wright*, 446 U.S. at 6, 8 (approving of consideration of whether "review of [ ] adjudicated claims would [ ] be mooted by any future developments in the case" and whether "the claims under review were separable from the others remaining to be adjudicated"). The Court finds that, at this point in the litigation, there exists a just reason to delay the entry of final judgment as to the claim for waiting time penalties under Section 203.

**IV.   CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Entry of Judgment (ECF No. 143) is denied.

Dated:  August 8, 2022

*[signature: William Q. Hayes]*
Hon. William Q. Hayes
United States District Court